IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDALL DANIEL, *et al.*,  )
                          )
    Plaintiffs,           )
                          )
v.                        )          Case No. 3:25-cv-02118-RJD
                          )
YEVHENII VARLAN, *et al.*, )
                          )
    Defendants.           )
                          )

**MEMORANDUM and ORDER**

**DALY, Magistrate Judge:[1]**

This matter comes before the court on the Motion to Dismiss (Doc. 26) filed by Defendant Yevhenii Varlan and/or The Estate of Yevhenii Varlan. Plaintiff did not file a response. For the reasons set forth below, the motion is **GRANTED.**

**Relevant Background**

Plaintiffs brought this personal injury action arising out of a motor vehicle collision that occurred on December 8, 2023, in Bond County, Illinois, when a vehicle operated by Defendant Varlan allegedly crossed the center median and struck the vehicle operated by Plaintiff Randall Daniel. (Doc. 1, ¶¶ 1-17). Plaintiff Debra Daniel was a front-seat passenger in the vehicle operated by Randal Daniel. (*Id.*). Plaintiffs allege that, as a result of the collision, Defendant Varlan died and they suffered serious injuries. (*Id.* at ¶ 15). Plaintiffs contend that during the accident,

---

[1] This case was assigned to the undersigned for final disposition upon the parties' full consent pursuant to 28 U.S.C. § 636(c). (Doc. 40).

Defendant Varlan was acting within the scope of employment or agency of Defendant Enterprise FM Trust Inc and/or Defendant Wingstar Transportation, LLC. (*Id.* at ¶ 17). They assert three negligence counts against the following defendants: (1) Defendants Yevhenii Varlan and/or the Estate of Yevhenii Varlan by and through its Personal Representative to be named later (Count 1); Defendant Enterprise FM Trust Inc (Count 2); and Defendant Wingstar Transportation, LLC (Count 3). They further represent that they served "Defendant Varlan and/or the Estate of Yevhenii Varlan . . . by serving his employer, Wingstar Transportation, LLC through their Registered Agent, Myroslav Hardetskyy, at 1225 Lloyd Ave., Aurora, OH 44202." (Doc. 1, ¶ 2).

On February 25, 2026, Defendant Varlan and/or the Estate of Yevhenii Varlan filed this pending motion to dismiss. Defendant argues that any claim against Defendant Varlan must be dismissed because at the time the Complaint was filed, he was already deceased. Defendant further argues that any claim against the Estate of Yevhenii Varlan by and through his personal representative is time-barred. Defendant relies on Rule 12(b)(2) for lack of personal jurisdiction and Illinois law. Plaintiffs did not respond or otherwise object to the motion.

## Legal Standard

Rule 12(b) of the Federal Rules of Civil Procedure provides, *inter alia*, for dismissal of a claim for lack of personal jurisdiction, and for failure to state a complaint upon which relief can be granted. Fed. R. Civ. P. 12(b)(2) & (6). In considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint, including exhibits attached thereto, and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted); *El-Bey v. Vill. of S. Holland*, 513 F. App'x 603, 605 (7th Cir. 2013). A plaintiff need not set out all

Page **2** of **6**

relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n,* 377 F.3d 682, 687 & n.3 (7th Cir. 2004)). When a claim is time-barred by the statute of limitations, dismissal with prejudice is proper. *See Kamelgard v. Macura*, 585 F.3d 334, 344 (7th Cir. 2009) (modifying a district court's judgment and dismissing a time-barred complaint with prejudice).

## Discussion

As a preliminary matter, the Court notes that Defendant states as the basis of the motion to dismiss, Rule 12(b)(2) for lack of personal jurisdiction. However, the issue is not whether Defendant Yevhenii Varlan and/or the Personal Representative of the Estate of Yevhenii Varlan had sufficient "minimum contacts" with the State of Illinois. *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Rather, the motion challenges whether Plaintiffs' negligence claim could be properly brought against Defendant Yevhenii Varlan and/or the Personal Representative of the Estate of Yevhenii Varlan. Accordingly, the motion should have been styled as a Rule 12(b)(6) motion to dismiss for failure

to state a claim, and the Court will analyze it as such. For the reasons explained below, the Complaint fails to state a claim against either Yevhenii Varlan or the Personal Representative of his Estate.

### 1. Claim against Yevhenii Varlan

"A party cannot maintain a federal lawsuit against a dead person." *See Dickerson v. Bureau of Indian Affs.*, No. 25-CV-704-JDP, 2025 WL 3280865, at *2 (W.D. Wis. Nov. 25, 2025) (citing LN Mgmt., LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 955 (9th Cir. 2020)). While substitution of a proper party for a dead person may be allowed under Federal Rule of Civil Procedure 25(a)(1), substitution is not available when the defendant died before the filing of the complaint. *Id.* (citing *Macklin v. Serrano*, No. 19-cv-583, 2020 WL 6323079, at *2 (E.D. Wis. Oct. 28, 2020)). Here, Plaintiffs brought this suit on November 25, 2025. (Doc. 1). In the Complaint, they allege that Defendant Yevhenii Varlan died in the motor vehicle collision at issue in this lawsuit in 2023. (*Id.* at ¶ 15). Accordingly, Plaintiffs cannot maintain this action against Defendant Yevhenii Varlan.

### 2. Claim against the Personal Representative of the Estate of Yevhenii Varlan

Plaintiffs further cannot bring their negligence claim against the "Personal Representative of the Estate of Yevhenii Varlan, to be named later." Rule 17 of the Federal Rules of Civil Procedure provides for the capacity of a party to sue or be sued as follows:

> **(1)** for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
>
> **(2)** for a corporation, by the law under which it was organized; and
>
> **(3)** for all other parties, by the law of the state where the court is located . . . .

Fed. R. Civ. P. 17(b). Because the representative of an estate falls under the third category, Illinois

Page **4** of **6**

law controls whether Plaintiffs can properly sue the Personal Representative of the Estate of Yevhenii Varlan. *Akbar v. Calumet City*, 632 F. App'x 868, 871 (7th Cir. 2015). In turn, under Illinois law,"[i]f a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof . . . (1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within six months after the person's death . . . ." *See* 735 ILCS 5/13-209 (b). Further, "[a]n estate lacks the capacity to sue or be sued, and any action must be brought by or against the executor or representative of the estate." *In re Marriage of Schauberger*, 253 Ill.App.3d 595, 598, 191 Ill.Dec. 675, 624 N.E.2d 863, 866 (2d Dist.1993).

Here, Plaintiffs bring a claim for bodily injury, which under Illinois law is subject to a two-year statute of limitations. *See* 735 ILCS § 5/13–202 (2016) ("Actions for damages for an injury to the person . . . shall be commenced within 2 years next after the cause of action accrued . . . ."). The accrual date is December 8, 2023, the date of the incident alleged in the Complaint. *See Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (noting that under the "standard rule," a claim accrues "when the plaintiff has a complete and present cause of action.") (citation omitted). Plaintiffs filed the Complaint on November 25, 2025, within the two-year statute of limitations. However, the Complaint did not identify the personal representative of the Estate of Yevhenii Varlan but merely stated that he or she would be "named later." (*See* Doc. 1, ¶ 2). To date, more than two years from the incident that gave rise to this action, Plaintiffs have not moved to identify and substitute the Estate's personal representative. Further, according to the Complaint, more than six months have passed since Yevhenii Varlan's death. It is true that an amended complaint that properly identifies the representative of the complaint could potentially

cure that deficiency if it relates back to the filing of the original complaint. *See Stewart v. Special Adm'r of Est. of Mesrobian*, 559 F. App'x 543, 547 (7th Cir. 2014) (citing Fed. R. Civ.P. 15(c), 4(m)). However, Plaintiff has not sought to amend the Complaint or even opposed the motion to dismiss. Accordingly, the Court finds that Plaintiffs' negligence claim against the personal representative of the Estate of Yevhenii Varlan is time-barred.

Therefore, Plaintiffs may not properly bring a claim against either Yevhenii Varlan or the Personal Representative of his Estate. While ordinarily, dismissal of failure to state a claim is without prejudice, here the claim against the Estate appears to be time-barred, and Plaintiff has not opposed the motion. Accordingly, Count 1 is **DISMISSED with prejudice** for failure to state a claim.

### Conclusion

Based on the foregoing, the Motion to Dismiss (Doc. 26) filed by Defendant Yevhenii Varlan and/or The Estate of Yevhenii Varlan is **GRANTED**. Count 1 against Defendant Yevhenii Varlan and/or the Estate of Yevhenii Varlan is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to terminate Defendant Yevhenii Varlan and/or the Estate of Yevhenii Varlan and enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: July 27, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**